

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9202 | **DATE** | 7/30/2003 |
| **CASE TITLE** | Sinclair vs. Delta Dental Plan of Illinois | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Request for ruling is granted. **Enter memorandum opinion and order.** Delta Dental's motion for summary judgment on the Administrative Record is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG - 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials IS | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 03 JUL 31 PM 3:32 FILED FOR DOCKETING Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

JAMES SINCLAIR,            )
                           )
        Plaintiff,         )
                           )
    v.                     )   01 C 9202
                           )   Judge George M. Marovich
DELTA DENTAL PLAN OF ILLINOIS )
RETIREMENT INCOME PLAN and )
NANCY KARASEK, Plan        )
Administrator,             )
                           )
        Defendant.         )

## MEMORANDUM OPINION AND ORDER

Plaintiff James Sinclair ("Sinclair") filed this action against his former employer Delta Dental Plan of Illinois and Nancy Karasek, Plan Administrator (collectively "Delta Dental") alleging violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1102 et seq. ("ERISA"). Delta Dental moved for judgment on the administrative record. For the reasons set forth below, the Court grants Delta Dental's motion.

## BACKGROUND

Sinclair was an employee of Delta Dental from 1973 until 1981. Sinclair's employment ended due to disability. At the time, he was 36 years old. Under the terms of the Plan, Sinclair has continued to accrue years of service for purposes of calculating retirement benefits under the Plan. The parties dispute concerns the timing of when Sinclair is eligible to begin collecting those benefits. Sinclair maintains he is entitled to them at age 55, however, Delta Dental has decided he is not eligible to collect them until he turns 65.

The facts leading up to this lawsuit date back to 1995, when Sinclair requested a lump sum distribution of his benefits. Under the terms of the Plan, lump sum distributions are allowed only if a participant's total benefit is $3,500 or less. Sinclair's benefit exceeded $3,500, therefore, Delta Dental denied his request.

Sinclair then inquired as to whether he was eligible to begin receiving early retirement benefits at age 55. By letter dated June 4, 1996, Delta Dental advised Sinclair that he was not eligible for early retirement benefits. Specifically, the letter stated Section 5A of the Plan did not permit payments prior to the participant reaching age 65. On June 25, 1996, Sinclair's attorney advised Delta Dental that he intended to research the matter and prepare a response. About a week prior to the response deadline, Sinclair's attorney informed Delta Dental, without explanation, that Sinclair no longer intended to pursue his claim for early retirement benefits.

Delta Dental sent a confirming letter, which also informed Sinclair that he would be entitled to an estimated monthly benefit of $2,914.55 upon reaching normal retirement age. Sinclair signed the letter indicating his agreement with its terms, however, his attorney was careful to point out that Sinclair's agreement was not a waiver of any rights Sinclair may have upon termination of the Plan.

From then on, Sinclair received annual estimates of his benefit as of his normal retirement age. About two and a half years later, at age 54, Sinclair requested an estimate of his

2

benefits as of age 55. Delta Dental processed the request, and Sinclair then filled out a form electing to receive benefits at age 55, commencing September 1, 2000. There was no discussion of Sinclair's eligibility for early retirement benefits, nor was there mention that his prior request had been denied. Rather, the form was processed and Sinclair began receiving monthly distribution checks.

After several months, Delta Dental discovered the error and sent Sinclair a letter explaining that his receipt of benefits had been a mistake. Delta Dental referred to the denial of his first request for early retirement benefits, attached a copy of the July 17, 1997 letter confirming the same, and reiterated that he was not eligible for benefits until he reached age 65. Delta Dental also advised Sinclair that he was entitled to an appeal and attached a copy of the claim review procedures.

In response, Sinclair's attorney indicated that he understood the Plan was amended after July 17, 1997 to allow Sinclair to receive early retirement benefits. He requested copies of the relevant Plan documents, which Delta Dental provided. On September 1, 2001, Sinclair's attorney filed an appeal.

Shortly thereafter, Delta Dental advised Sinclair's attorney that his position, namely, that Sinclair's benefits should begin at age 55, was in direct conflict with the terms of section 5A.2 of the Plan. Nonetheless, Delta Dental advised Sinclair's attorney that he had 30 days to file additional documents or arguments, such as affidavits evidencing statements made to

3

Sinclair that would support this position. Sinclair's attorney submitted another letter appealing this decision arguing, inter alia, that Section 5A.2 of the Plan did not prohibit Sinclair from receiving early retirement benefits. He made no reference to specific changes in the Plan after 1997.

On November 6, 2001, Delta Dental issued a ten page opinion denying Sinclair's appeal. In sum, the opinion states that Sinclair's request was granted in error and that such mistakes were correctable under the terms of the Plan. Delta Dental advised Sinclair that he would begin receiving disbursements again when he reached age 65. This lawsuit followed. Now pending is Delta Dental's motion for judgment on the administrative record.

## STANDARD OF REVIEW

A denial of ERISA benefits is reviewed de novo unless the benefit plan grants the administrator discretionary authority to determine benefit eligibility or construe the plan terms. Firestone Tire & Rubber Co., v. Bruch, 489 U.S. 101, 115 (1989). Where discretionary authority exists, the decision is reviewed under the arbitrary and capricious standard. Hess v. Hartford Life & Accident Ins. Co., 274 F.3d 456, 461 (7th Cir. 2001). There are no magic words which determine the standard of review. Herzberger v. Standard Ins. Co., 205 F.3d 327, 331 (7th Cir. 2000). The relevant test is whether the plan language "indicates with the requisite if minimum clarity that a discretionary determination is envisaged." Id.

Under the Plan, the Administrator has the duty and authority "[t]o determine all questions relating to a Participant's coverage under the Plan," and "to interpret and construe the provisions of the Plan." Plan § 14.2 (A) and (D). Plaintiff contends this language does not clearly and unequivocally confer discretion to the Administrator, citing <u>Krueger Int'l, Inc. v. Blank</u>, 225 F.3d 806, 810 (7th Cir. 2000) and <u>Day v. Wall</u>, 112 F. Supp. 2d 833, 8369 (E.D. Wis. 2000). <u>Krueger</u> addresses the issue in dicta only and therefore is not helpful. <u>Day</u> is of little value because it involves plan language that is different from the language at issue in this case.

On the other hand, Delta Dental argues that the Plan language does confer discretion on the Administrator, citing <u>Lande v. Zurich American Ins. Co.</u>, No. 00 C 208, 2000 WL 1372833, at *3 (N.D. Ill. Sept. 20, 2000). In <u>Lande</u>, the administrator had authority to "determin[e] all questions related to coverage under the plan" and "interpret . . . and constru[e] the provisions of the plan". <u>Id.</u> The court found that the language "indicates with requisite if minimum clarity" that the Administrator has discretion to construe the plan terms. <u>Id.</u> The Plan language in this case is nearly identical to that used in <u>Lande</u>. Thus, this Court finds the test is met in this case as well and will review the Administrator's decision under the arbitrary and capricious standard.

Under this deferential standard, the Administrator's decision will be upheld unless it is "downright unreasonable." <u>James v. General Motors Corp.</u>, 230 F.3d 315, 317 (7th Cir 2001);

Fuller v. CBT Corp., 905 F.2d 1055, 1058 (7th Cir. 1990). A decision is not downright unreasonable so long as: "'(1) it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome,' (2) the decision 'is based on a reasonable explanation of the relevant plan documents,' or (3) the administrator 'has based its decision on a consideration of the relevant factors that encompass the important aspects of the problem.'" Hess v. Hartford Life & Accident Ins. Co., 274 F.3d 456, 461 (7th Cir. 2001) (quoting Exbom v. Central States, Southeast and Southwest Areas Health and Welfare Fund, 900 F.2d 1138, 1142-43 (7th Cir. 1990)).

DISCUSSION

A.  The Administrator's decision is not "downright unreasonable."

The Administrator's decision to suspend Sinclair's benefits until age 65 was based on a reasonable interpretation of the Plan terms. Regardless of whether this Court might have construed the Plan terms differently, the Administrator's decision is entitled to deference and must be upheld.

The Administrator concluded that Sinclair was not eligible for retirement benefits until age 65 under the terms of the Plan. Section 5.1[1] provides: "Each Participant who retires from the employ of the Employer after attaining age 55 may elect to receive an early retirement income, provided he has completed 10 years of service." Because Sinclair's employment terminated when

---

[1] Section references correspond to the 1987 Plan, unless otherwise indicated.

6

he was 36, at which time he had less than 10 years of service, the Administrator concluded he was not eligible for early retirement benefits. This Court believes the Administrator's decision is based on a straightforward and reasonable application of Section 5.1.

Further, Section 5.A2 the Plan provides:

A Participant who is disabled will be eligible to receive his normal retirement income as if he had remained in active service with the Employer. He will continue to accrue Service and Credited Service until his Normal Retirement Date or the date his Social Security disability benefit payments cease, if earlier.

Plan § 5A.2. Since Sinclair had neither reached his "Normal Retirement Date", nor had his Social Security benefits ended, the Administrator's decision was not patently unreasonable.

B.  Delta Dental Substantially Complied with Procedural Requirements.

Sinclair further argues the Administrator's decision should be overturned because Delta Dental failed to follow the Plan's procedural requirements. The Plan Summary states: "If your claim is denied the Plan Administrator will notify you . . . The notice will state the following: the specific reasons for denial; the plan provisions that support the denial; additional information needed to complete your claim request; explain why this information is needed." Plan Summary at p. 18. These requirements stem from Labor Regulations promulgated in

7

connection with the ERISA statute. 29 C.F.R. § 2560.503-1(f). Substantial compliance with these procedural requirements is all that is required. Yambert v. Whitman Corp., No. 95 C 3575, 1998 WL 246036 (N.D. Ill. April 30, 1998).

According to Sinclair, Delta Dental failed to provide specific reasons for halting his early retirement benefits. Sinclair contends that the July 10, 2001 letter, which informed him that he would not receive any further disbursements until he reached age 65, implied that Sinclair waived his right to an early retirement benefit. Further, Sinclair claims that the reasons contained in the Administrator's ten page opinion were contrived after the fact and that he never had an opportunity to address them. Thus, Sinclair asks that the Court deny Delta Dental's motion, vacate the administrator's opinion and remand the case for further proceedings.

Delta Dental, on the other hand, maintains that it has provided consistent and specific reasons explaining why Sinclair is not entitled to early retirement benefits, including in its letter dated July 10, 2001 and attachments, as well as in its prior letter dated June 4, 1996. Thus, Delta Dental believes it has substantially complied with all procedural requirements.

This Court agrees with Delta Dental. Sinclair was informed multiple times that the Plan did not provide for early retirement benefits for disabled participants, including references to specific Plan provisions, beginning in 1996 and continuing through 2001. Further, this Court finds that Delta Dental sufficiently informed Sinclair of the reasons his disbursement

checks were halted in July of 2001. Further, the Court finds that Sinclair had an opportunity to address the reasons for denial in the administrative process below. Specifically, in the July 10, 2001 letter, Delta Dental informed Sinclair that there had been a mistake and that, under the Plan, disabled participants are not eligible for benefits until age 65. Thus, he would not receive any further disbursements until he reached age 65. By way of further explanation, Delta Dental referred to Sinclair's prior claim for early retirement benefits and attached a July 17, 1997 letter which summarized the parties' resolution of that claim. In addition, Delta Dental had previously sent Sinclair a letter on June 4, 1996, which informed Sinclair that he was not eligible for early retirement benefits. In that letter, Delta Dental pointed out that Plan Section 5A does not provide for payments at any time before age 65. The record also indicates that the parties had several conversations further discussing the topic. Accordingly, based on all of the above, this Court finds that Delta Dental substantially complied with the necessary procedural requirements and that Sinclair had ample opportunity to address: waiver, the fact that the Plan does not provide for early retirement benefits for disabled participants, and mistake. Finally, Sinclair does not specify, nor is the Court aware of any additional information which the Administrator needed to decide the appeal.

## CONCLUSION

For the reasons set forth above, the Court grants Delta Dental's Motion for Judgment on the Administrative Record.

ENTER:

George M. Marovich
United States District Judge

DATED: 7/30/03